## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN MURPHY,<br><br>     Plaintiff,<br><br>v.<br><br>TALOS ENERGY INC., NEAL P. GOLDMAN, TIMOTHY S. DUNCAN, PAULA R. GLOVER, JOHN JUNEAU, DONALD R. KENDALL, JR., CHARLES M. SLEDGE, and ROBERT M. TICHIO,<br><br>     Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff John Murphy ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Talos Energy, Inc. ("Talos" or the "Company") and Talos's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to EnVen Energy Corporation through its subsidiaries Tide Merger Sub I Inc., Tide Merger Sub II LLC and Tide Merger Sub III LLC (collectively "EnVen").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on January 10, 2023. The Proxy recommends that Talos stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Talos is acquired by EnVen. The Proposed Transaction was first disclosed

on September 22, 2022, when Talos and EnVen announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Talos shareholders will have the right to receive their proportionate share of the aggregate merger consideration consisting of: (a) 43.8 million shares of Talos common stock; and (b) $212.5 million in cash (the "Merger Consideration"). The deal was initially expected to close around year end 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Talos management, the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan"), Talos's financial advisor, and potential conflicts of interest faced by J.P. Morgan.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to Talos's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Talos's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Talos.

6. Defendant Talos is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 333 Clay Street, Suite 330, Houston, Texas 77002. Talos common stock trades on the New York Stock Exchange under the

ticker symbol "TALO."

7. Defendant Timothy S. Duncan has been the President, Chief Executive Officer, and a director of the Company since 2018.

8. Defendant Neal P. Goldman has been a director of the Company since 2018. Defendant Goldman serves as Chairman of the Board.

9. Defendant Paula R. Glover has been a director of the Company since 2021.

10. Defendant John Juneau has been a director of the Company since 2018.

11. Defendant Donald R. Kendall, Jr. has been a director of the Company since 2018.

12. Defendant Charles M. Sledge has been a director of the Company since 2018.

13. Defendant Robert M. Tichio has been a director of the Company since 2018.

14. Nonparty EnVen is a corporation organized and existing under the laws of the State of Delaware. EnVen's principal executive offices are located at 609 Main Street, Suite 3200 Houston, Texas 77002.

15. Nonparty Tide Merger Sub III LLC is a Delaware limited liability company and a direct wholly-owned subsidiary of Talos.

16. Nonparty Tide Merger Sub I Inc. is a Delaware corporation and a direct wholly-owned subsidiary of Talos.

17. Tide Merger Sub II LLC is a Delaware limited liability company and a direct wholly-owned subsidiary of Talos.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

### FURTHER SUBSTANTIVE ALLEGATIONS

A. Background of the Company and the Proposed Transaction

21. Talos focuses on both upstream oil and gas exploration and production, and the development of carbon capture and sequestration. As one of the Gulf of Mexico's largest public independent producers, Talos leverages its position towards the acquisition, exploration and development of assets in key geological trends that are present in many offshore basins around the world. The Company also explores opportunities to reduce industrial emissions through carbon capture and sequestration initiatives along the U.S. Gulf Coast and Gulf of Mexico.

22. On September 21, 2022, the Company entered into the Merger Agreement with EnVen.

23. According to the press release issued on September 22, 2022 announcing the Proposed Transaction:

> **Talos Energy Announces Strategic Acquisition of EnVen Energy, Increasing Operational Scale and Improving Financial Profile Through the Addition of Oil-Weighted, Deepwater Assets with Significant Infrastructure**
>
> HOUSTON, Sept. 22, 2022 /PRNewswire/ -- Talos Energy Inc. ("Talos" or the "Company") (NYSE: TALO) today announced the execution of definitive agreements to acquire EnVen Energy Corporation ("EnVen"), a private operator in

the deepwater U.S. Gulf of Mexico, for $1.1 billion1. The strategic transaction expands Talos's Gulf of Mexico operations with high margin, oil-weighted assets, is accretive to Talos shareholders on 2023E Free Cash Flow per Share2 and is immediately de-leveraging.

Consideration for the transaction consists of 43.8 million Talos shares and $212.5 million in cash, plus the assumption of EnVen's net debt upon closing, currently estimated at approximately $50.0 million at year-end 2022. Following the transaction, Talos shareholders will own approximately 66% of the pro forma company and EnVen's equity holders will own the remaining 34%. The transaction has been unanimously approved by each company's Board of Directors. Closing is expected by year end 2022, subject to customary closing conditions.

**Key Transaction Highlights:**

- Adds ~24 thousand barrels of oil equivalent per day ("MBoe/d") of production (>80% oil, >90% operated).
- Increases production by 40% and gross acreage by 35%, significantly increasing operational scale and diversity.
- Doubles Talos's operated deepwater facility footprint, adding key infrastructure in existing Talos operating areas.
- ~$460 million of 2022E Adj. EBITDA (~$630 million unhedged) and ~$170 million of 2022E Free Cash Flow.
- >13% accretive to Talos shareholders on 2023E Free Cash Flow per Share.
- Implied enterprise value representing 2.4x 2022E hedged Adj. EBITDA (1.7x unhedged), a discount to Talos's current metrics.
- Immediately de-leveraging, with estimated year-end pro forma net debt ratio3 of less than 0.8x.
- At least $30 million in expected annual run-rate synergies to be achieved in 2023.
- Reduces Talos's GHG Emissions Intensity with deepwater operating footprint.
- Enhances Board of Directors with 7 fully independent directors plus Talos CEO.
- Talos will introduce a proposal to eliminate its classified election structure such that all directors are elected annually.

Talos President and Chief Executive Officer Timothy S. Duncan commented: "This transaction adds significant scale and diversity to our business through logical, in-basin expansion with an excellent strategic fit. EnVen's high-margin, oil-weighted assets in key deepwater regions, operated infrastructure and significant overlapping acreage footprint will enhance our ability to accelerate shareholder value creation. The acquisition is financially attractive, expanding our operating margins and increasing Free Cash Flow per Share while immediately improving our credit profile before accounting for significant expected cost synergies. The enhanced cash flow profile will provide us with increased capital allocation optionality,

including additional high-impact subsea tie-back opportunities, opportunistic acquisitions, accelerating our low-carbon initiatives and positioning Talos for a potential shareholder return of capital program in the future. We are excited for the numerous benefits that this transaction provides and look forward to closing around year end."

**STRATEGIC & FINANCIAL DETAILS**

- **Attractive Asset Base Aligned with Talos Strategy**: EnVen currently produces approximately 24 MBoe/d in the U.S. Gulf of Mexico that is more than 80% oil-weighted, more than 90% operated and more than 95% from deepwater regions. EnVen operates numerous platforms, including five major deepwater facilities with significant open capacity and holds an acreage footprint of approximately 420,000 gross acres in core deepwater areas for future infrastructure-led development, exploitation and exploration opportunities. EnVen's infrastructure is backed by >$160 million in restricted cash and receivables reserved against future abandonment obligations.

  The transaction is well-aligned with Talos's strategy focused on value creation through the acquisition and development of conventional resources in close proximity to under-utilized infrastructure applying Talos's vast seismic inventory and advanced reprocessing. EnVen's assets add material scale and diversity to Talos's footprint, already a leading public offshore independent in the U.S. On a pro forma basis, Talos expects to be more than 70% oil-weighted, more than 75% operated and more than 80% focused in deepwater regions.

- **Compelling Financial Metrics and Credit Profile**: Consideration implies a valuation of approximately 2.4x 2022 estimated hedged Adjusted EBITDA and the transaction is more than 13% accretive to Talos shareholders on 2023E Free Cash Flow per Share. Talos expects the transaction to be immediately de-leveraging at closing, with year-end 2022 leverage of less than 0.8x. Additionally, Talos will have no near-term maturities. The Company expects to provide 2023 financial guidance after closing.

- **Material Synergies**: Talos expects to generate at least $30 million in annual run-rate synergies from the transaction, primarily consisting of general and administrative cost reductions. The Company believes run-rate savings can be achieved in 2023 and expects additional synergies from operational cost optimization, capital high-grading and other improvements over time.

- **Improved Positioning for Future Growth**: With greater scale and diversity, an enhanced cash flow generation profile and improved leverage profile, Talos believes it is well-positioned to accelerate organic, value-

creating activities through its Upstream and CCS business segments as well as business development activities going forward. The increased scale and free cash flow generation also allows Talos to continue its evaluation for a potential shareholder return program in the future.

**LEADERSHIP & GOVERNANCE**

There are no anticipated changes to Talos senior management resulting from the transaction. Tim Duncan will remain Chief Executive Officer and will retain one seat on the expanded Board of Directors, which will include six Talos directors (CEO and five independents) and two independents from the EnVen Board of Directors, Shandell Szabo and Richard Sherrill. The Board of Directors will have no private equity representatives post-closing. Robert Tichio, the appointed Riverstone Holdings representative currently on Talos's Board of Directors, will resign from the Board simultaneous with closing of the transaction. Riverstone Holdings (~10% pro forma ownership) and EnVen's top two equity holders (~20% pro forma combined) will enter lock-up agreements at closing.

Shandell Szabo is currently an independent director of EnVen and previously spent 19 years with Anadarko Petroleum Corporation, most recently as the Vice President of U.S. Exploration. She has technical expertise in the deepwater Gulf of Mexico and other key basins. Richard Sherrill is also currently an independent director of EnVen and is the President of Clean Aire Partners, a private energy transition company. He was previously the Chief Operating Officer of Duke Energy Corporation.

Talos also intends to facilitate a shareholder vote on elimination of the Company's current classified director structure, which would require that all directors be elected every year going forward, as compared to the current staggered 3-year terms.

**TIMING & APPROVALS**

The transaction, which is expected to close around year end 2022, is subject to customary closing conditions, including the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and the approval of Talos and EnVen shareholders. Riverstone Holdings, which currently owns ~15% of Talos, has executed a Support Agreement in favor of the transaction. A majority of EnVen shareholders have agreed to provide their written consents in favor of the transaction. Both Talos and EnVen Boards of Directors have unanimously approved the transaction.

B.   **The Materially Incomplete and Misleading Proxy**

24.   On January 10, 2023, Defendants filed the Proxy with the SEC. The purpose of the

Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

25. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of J.P. Morgan's fairness opinion, J.P. Morgan reviewed "certain internal financial analyses and forecasts prepared by or at the direction of the managements of Talos and EnVen relating to their respective businesses." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Talos's management provided to the Board and J.P. Morgan.

26. Notably, Defendants failed to disclose the line item entries forming the basis of forecasted EBITDA for both Talos and EnVen.

27. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning J.P. Morgan's Financial Analyses*

28. With respect to the *Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) EnVen's unlevered free cash flows for the second half of the fiscal year ending on December 31, 2022 and for the fiscal year ending on December 31, 2027; (b) EnVen's unlevered free cash flows for the terminal period; and (c) EnVen's terminal values.

29. With respect to the *Public Trading Multiples Analysis* and *Selected Transaction Analysis*, the Proxy fails to disclose the specific financial multiples and metrics for each of the

companies and transactions respectively.

### *Materially Incomplete and Misleading Disclosures Concerning J.P. Morgan's Potential Conflicts of Interest*

30. The Proxy fails to disclose material information concerning the potential conflicts of interest of J.P. Morgan, including the benchmarks the financial advisor must meet in order to receive its $2 million discretionary fee and if the Board expects to pay J.P. Morgan the discretionary fee.

31. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

32. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

33. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

34. Further, the Proxy indicates that on September 21, 2022, J.P. Morgan reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion dated September 22, 2022, to the

effect that the Merger Consideration was fair, from a financial point of view, to Talos stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning J.P. Morgan's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

35. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

36. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37. Defendants have filed the Proxy with the SEC with the intention of soliciting Talos stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

38. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Talos, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

39. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with

respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

40. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Talos shares and the financial analyses performed by J.P. Morgan in support of its fairness opinion; and (iii) potential conflicts of interest of J.O. Morgan.

41. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that J.P. Morgan reviewed and discussed its financial analyses with the Board on September 21, 2022, and further states that the Board considered J.P. Morgan's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

42. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Talos within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Talos and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

47. In addition, as the Proxy sets forth at length, and as described herein, the Individual

Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to Talos stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 23, 2023                     **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*